# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0531 | **DATE** | 1/31/2012 |
| **CASE TITLE** | Ricky J. Whitehead (2010-1102110), et al. v. Cook County, et al. | | |

**DOCKET ENTRY TEXT**

This complaint has been filed by four Plaintiffs. Plaintiffs Ricky Whitehead's and Quintan Davis's motions for leave to proceed *in forma pauperis* [3], [4] are entered and continued. Plaintiffs Charles Perkins and Rafeal Solebo must either file an *i.f.p.* application on the proper form with the information required by Section 1915(a)(2) or pay the full filing fee if they intend to remain a Plaintiff in this action. Plaintiffs' complaint is dismissed without prejudice as each named Plaintiff must sign the complaint. Plaintiffs are given leave to file an amended complaint within 30 days of this order. The Clerk is directed to send Plaintiffs Charles Perkins (2011-1128056) and Rafeal Solebo (2011-1106121) an *i.f.p.* application at the Cook County Jail. The Clerk is directed to send each of the four "Plaintiffs" (including Charles Perkins (2011-1128056) and Rafeal Solebo (2011-1106121)) a copy of this order and an amended complaint form with instructions. Plaintiffs' failure to submit an amended complaint will result in dismissal of this case on the understanding that they do not wish to proceed with this action in federal court at this time. Failure of any Plaintiff to comply with this order will result in summary dismissal of this case as to that litigant, on the understanding that that particular individual does not wish to join this lawsuit.

■[For further details see text below.]   Docketing to mail notices.

## STATEMENT

    A complaint, identifying four Plaintiffs, has been received by the Court. Two of the Plaintiffs have filed a motion for leave to proceed *in forma pauperis* (*i.f.p*). Plaintiffs Ricky Whitehead's and Quintan Davis's motions for leave to proceed *i.f.p.* are entered and continued to allow these Plaintiffs an opportunity to opt out of the action as discussed below.
    The remaining two Plaintiffs failed to submit a motion for leave to proceed *i.f.p.* or to pay the required filing fee. All persons filing complaints in this Court, even if more than one person files a case, must file an *i.f.p.* application or pay the full filing fee. *See Boriboune v. Berge*, 391 F.3d 852, 854-55 (7th Cir. 2004) (each co-plaintiff is obligated to pay a full, separate statutory filing fee). The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The Court will direct correctional officials to deduct the initial filing fee payment directly from each Plaintiff's trust fund account. Thereafter, correctional authorities having custody of each Plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid for each litigant.
    To enable the Court to make the necessary assessment of the filing fee, Plaintiffs Charles Perkins and Rafeal Solebo must submit the required *i.f.p.* application or pay the full $350 filing fee if they intend to remain a Plaintiff in this action.
    Furthermore, the complaint on file is only signed by Plaintiff Whitehead. All Plaintiffs must sign every pleading pursuant to Federal Rule of Civil Procedure 5. Accordingly, the complaint on file is dismissed without prejudice.
    Plaintiffs are admonished as to issues that they may not be aware of that arise in multiple-plaintiff prisoner litigation. Complaints by multiple prisoners may be filed in federal court **if** the criteria under Federal Rule of Civil Procedure 20 are satisfied. *See Boriboune*, 391 F.3d at 854. However, issues in such litigation may cause some

| STATEMENT |
|---|

prisoners to want to opt out of such litigation. First, each Plaintiff is required to pay the full filing fee. *See Boriboune*, 391 F.3d at 854. Thus, as discussed above, each Plaintiff is required to pay the $350 filing fee. Second, all Plaintiffs must sign every pleading pursuant to Federal Rule of Civil Procedure 5. Pleadings that are not signed by all Plaintiffs may be stricken. In addition, each submission must be served on each party, including all Plaintiffs, thus, copy and postage costs are increased. Third, each litigant is accountable for his co-Plaintiffs' claims; therefore, if one Plaintiff is assessed a strike, any co-Plaintiff will be assessed a strike as well. *Boriboune, supra*, 391 F.3d at 856. Fourth, in screening the amended complaint pursuant to Section 1915, the Court will consider whether unrelated claims should be severed and, if such severance is appropriate, that claim will have to be prosecuted in a separate action that will require the payment of another $350 filing fee. Therefore, each Co-Plaintiff may, if he wishes, advise the court that he wishes to "opt out" of this lawsuit. *Id.*

     Lastly, the Court notes that Plaintiff Perkins filed another suit as the sole Plaintiff based on the same allegations, *Perkins v. Cook County Sheriffs Office*, Case No. 12 C 0577 (Guzman, J.). Plaintiff Perkins cannot proceed with two suits based on the same claims. If Plaintiff Perkins is proceeding on this claim, his latter filed claim will be dismissed as duplicative. Plaintiff Perkins should advise the Court in both of his presently-pending matters which suit he plans to proceed with.